UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SYLVIA A. SPEARS                                    CIVIL ACTION

VERSUS                                             NO. 13-6266

JEFFERSON PARISH SCHOOL                            MAGISTRATE JUDGE
BOARD ET AL.                                       JOSEPH C. WILKINSON, JR.


<u>**ORDER ON MOTION**</u>

In this employment discrimination action, plaintiff, Sylvia A. Spears, sues her former employer, defendant Jefferson Parish School Board (the "Board"), and defendant Dr. James Meza, the superintendent of the Jefferson Parish Public School System (defendants are collectively referred to herein as the "School System" or "defendant"). Plaintiff alleges that defendants discriminated and retaliated against her based on her race (African-American), age, sex and disability, and retaliated against her for having engaged in protected activity, in violation of Title VII, 42 § U.S.C. 2000e et seq.; the Age Discrimination in Employment Act (the "Age Discrimination Act"), 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act (the "Disabilities Act"), 42 U.S.C. § 12101 et seq.; and the Family Medical Leave Act.  29 U.S.C. § 2601 et seq.  Spears also brings state law claims of fraud and mental anguish.  Complaint, Record Doc. No. 1.

All parties to this action have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  Record Doc. No. 25.

The School System filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6), Record Doc. No. 13, arguing that the court lacks subject matter jurisdiction over

plaintiff's claims under Title VII, the Age Discrimination Act and the Disabilities Act because she failed to exhaust her administrative remedies. In support of this argument, defendant submitted two discrimination charges that Spears filed with the Equal Employment Opportunity Commission ("EEOC") and the Notices of Right to Sue that the EEOC issued for each charge. The School System also moves to dismiss plaintiff's claims under the Disabilities Act and the FMLA, her retaliation claims and her state law claims, contending that none of these claims entitle Spears to relief and that she failed to plead her fraud claims with particularity as required by Fed. R. Civ. P. 9. Finally, Dr. Meza argues that he is not a proper defendant in either his individual or official capacity under Title VII, the Age Discrimination Act, the Disabilities Act or the Family Medical Leave Act and that all claims against him under these statutes must be dismissed.

Spears filed an untimely memorandum in opposition without seeking leave to do so. Record Doc. No. 18. The School System received leave to file a reply memorandum. Record Doc. Nos. 21, 22, 23. Although defendant objects to plaintiff's untimely memorandum, defendant has had a full opportunity to respond to plaintiff's arguments in its own reply memorandum. The court has therefore considered plaintiff's memorandum.

Having considered the complaint, the record, the submissions of the parties and the applicable law, and for the following reasons, IT IS ORDERED that defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART as follows.

I.     FACTUAL AND PROCEDURAL BACKGROUND

All allegations are taken from plaintiff's complaint, which are assumed to be true solely for purposes of the pending motion; the EEOC charges and right-to-sue notices attached to defendant's motion; and the record of Civil Action 12-1991-R, a related case previously filed in this court by Spears against the Jefferson Parish Public School System.

Spears began her career with the Jefferson Parish School System in 1983 as a teacher.  She became Acting Principal of Waggaman Special School ("Waggaman") on July 2, 2004 and was appointed Principal of that school on August 1, 2005.  She remained in that position until June 30, 2007.

Spears "was reassigned, involuntarily, to Cuillier Career Center ["Cuillier"] on July 25, 2007 as 'Principal' filling the vacancy for the Assistant Principal out on leave." Complaint, Record Doc. No. 1 at ¶ 7.  The then-current Principal of Cuillier retired at the same time.  Plaintiff's complaint is unclear, but it appears that the Principal of Cuillier was not replaced and that Spears filled the vacancy of Assistant Principal.  She alleges that she "petitioned the Board to open the position" of Principal and that she "remained at Cuillier for approximately 2 years as 'Principal' without further consideration despite the fact that she was qualified for the position.  In 2010, while at Cuillier, plaintiff was reclassified as a 'Principal on Special Assignment.'"  Id. at ¶ 8.

At the time of her initial assignment to Cuillier, Spears was 57 years old and had been with the School System for 24 years.  She was replaced as Principal of Waggaman

Special School by a 47-year-old Caucasian male, who allegedly had "little or no experience," but was paid a salary that was $5,000 more than Spears was paid.

On October 25, 2009, plaintiff filed a race discrimination charge with the EEOC. She alleged that the School System had transferred her involuntarily to Cuillier as a "Principal on Special Assignment" and had given her a contract dated September 10, 2009, making this her permanent assignment. She complained that her pay had been reduced to the Assistant Principal pay rate and she had not been paid at the "Principal-high school pay rate" since being transferred from her previous middle school. The date of the alleged race discrimination was September 10, 2009. Record Doc. No. 13-2 at p. 1.

On July 14, 2011, the Board advertised to hire a Principal for Cuillier and subsequently hired "a younger African-American male, with little or no experience, as Principal with a salary greater than the plaintiff." Spears contends that her salary was less than male assistant principals and principals with less experience than she, "a factor that is based on gender and race," and was less than "Caucasian females with regard to race and experience." Id. at ¶ 10.

In 2004, plaintiff was diagnosed with lupus erythematosus, fibromyalgia and osteoarthritis. The Board became aware of her illness during her tenure as principal at Waggaman. On December 29, 2011, her medical conditions flared up, causing "extreme pain and discomfort" and requiring emergency medical attention. Spears alleges that her

conditions limit her "day-to-day activities, such as climbing stairs, walking and excessive sun exposure." Id. at ¶ 13.

Spears requested medical leave from January 17 through August 1, 2012. On March 27, 2012, she was placed on approved medical leave, retroactively effective to January 17, 2012. The Board held plaintiff's medical leave request for three months, during which she "was marked absent from work and docked for unexcused absences for the entire period until her leave was approved." Id. at ¶ 23. On April 5, 2012, Spears received notice from the Board that her leave was approved through May 25, 2012. On April 12, 2012, she applied for extended leave through September 28, 2012. Neither the Board nor its Human Resources Department acknowledged the request, and the application was never processed.

The EEOC issued to Spears a Notice of Right to Sue on June 1, 2012, regarding her October 25, 2009 charge of race discrimination. Defendant's Exh. B, Notice of Right to Sue, Record Doc. No. 13-2 at p. 2.

On July 14, 2012, the Board sent a notice of termination to Spears. Plaintiff's complaint is again unclear in that Spears alleges both that she did not receive any wages during the entire period after her December 29, 2011, medical flare-up, Record Doc. No. 1 at ¶¶ 25, 28, 29, and that she received wages beginning at some unspecified time during that period, but it was not as much as she should have received. Id. at ¶¶ 28, 29.

Spears alleges in her complaint that defendant changed her employment status to reduce her income from that of a principal to that of assistant principal and that "[t]he status of assistant principal was never identified on plaintiff's pay-stub until after the plaintiff began challenging the defendant regarding her principal's grade after being promoted in 2004." Id. at ¶ 36. Rather than accept termination when she learned of it in July 2012, she was "forced to retire" two years early, with the result that she did not receive her full retirement benefits. She claims she suffered mental anguish as a result of the significant decrease in her income and her forced early retirement.

On August 1, 2012, Spears filed Civil Action No. 12-1991-R(2) in this court against the Jefferson Parish Public School System. She alleged that defendant had violated the Age Discrimination Act, the Disabilities Act, the Family Medical Leave Act "and relative state law" based on "her age, disability and frequent medical problems." Her sole factual allegations were that she had been "replaced by and [sic] young Caucasian male [at Waggaman] and place[d] at Cuillier Career Center as Principle [sic] on special assignment," and "was replace[d] by a younger African male, who became the Principle [sic]," apparently at Cuillier. C.A. No. 12-1991-R(2), Complaint, Record Doc. No. 1.

The Jefferson Parish Public School System moved to dismiss that case based on plaintiff's failure to exhaust administrative remedies and defendant's lack of procedural capacity. C.A. No. 12-1991, Record Doc. No. 22. Chief Judge Vance granted the motion

on May 2, 2013, and the action was dismissed without prejudice on the basis that defendant lacked procedural capacity to be sued. C.A. No. 12-1991, Record Doc. No. 28.

On February 27, 2013, while defendant's motion to dismiss C.A. No. 12-1991 was pending, Spears filed a second EEOC charge against the School System. She checked the boxes for race, age and disability discrimination and retaliation. She stated that she had been denied medical leave without a reason between January 17 and August 8, 2012; she was being terminated effective July 31, 2012, for no legitimate reason; and she was forced to retire involuntarily on August 8, 2012. She alleged discrimination because of her age, race and disability and retaliation for having previously filed an EEOC charge. Defendant's Exh. C, Record Doc. No. 13-2 at p. 3.

The EEOC issued a Notice of Right to Sue on this charge on August 15, 2013. Defendant's Exh. C, Record Doc. No. 13-2 at p. 4. Spears filed the instant action against the Board and Dr. Meza on October 25, 2013.

II.   STANDARDS OF REVIEW

   A.   The EEOC Documents Filed with the Motion

The School System filed its motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Pursuant to Rule 12(b)(1), defendant moves to dismiss plaintiff's claims of race and sex discrimination under Title VII, her age discrimination claim under the Age Discrimination Act and her disability discrimination claim under the Disabilities Act. The School System argues that subject matter jurisdiction does not exist for these claims

because Spears failed to exhaust her administrative remedies.  Defendant also moves

under Rule 12(b)(6) to dismiss plaintiff's discrimination claims under the Disabilities Act

and the FMLA, her retaliation claims and her state law claims.

Spears did <u>not</u> attach to her complaint the charges that she filed with the EEOC or

the Notices of Right to Sue that she received, nor did she refer to these documents in her

complaint.  However, defendant attached the documents to its motion, and both parties

cited them in their respective memoranda.  Spears neither disputes the authenticity of the

documents nor objects to the court considering them.

Rules 12(b)(1) and 12(b)(6) differ with respect to reviewing such evidence.

The Rule 12(b)(6) analysis is generally confined to a review of the
complaint and its proper attachments, while under Rule 12(b)(1), the court
may consider any of the following: (1) the complaint alone; (2) the
complaint supplemented by the undisputed facts evidenced in the record; or
(3) the complaint supplemented by undisputed facts plus the court's
resolution of disputed facts.

<u>Walch v. Adjutant Gen.'s Dep't</u>, 533 F.3d 289, 293 (5th Cir. 2008) (quotation omitted).

Rule 12(b)(1) requires dismissal of an action if the court lacks subject matter

jurisdiction of the claim.  <u>Randall D. Wolcott, M.D., P.A. v. Sebelius</u>, 635 F.3d 757,

762-63 (5th Cir. 2011).  A factual attack on subject matter jurisdiction, such as the one

presented by defendant's motion, challenges the existence of jurisdiction by looking

beyond the pleadings.  In reviewing a factual attack, the court may consider evidence

outside the pleadings.  <u>Battaglia v. United States</u>, 495 F. App'x 440, 441 (5th Cir. 2012)

(citing <u>Oaxaca v. Roscoe</u>, 641 F.2d 386, 391 (5th Cir. 1981)).  "If the defendant attacks

the facts on which the court's subject-matter jurisdiction rests, the court is 'free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Guillot v. Aventis Pasteur, Inc., No. 02-3373, 2013 WL 4508003 (E.D. La. Aug. 22, 2013) (quoting Arena v. Graybar Elec. Co., 669 F.3d 214, 223 (5th Cir. 2012)).  Thus, in determining the motion to dismiss under Rule 12(b)(1), this court can consider the undisputedly authentic EEOC documents submitted by defendant.

When considering a Rule 12(b)(6) motion, documents attached by a defendant

"are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."  "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."
The documents at issue here–[plaintiff's] two EEOC Charges–were referenced in her complaint and are central to her claim.  Their contents are essential to determining (i) whether the EEOC and [Louisiana Commission on Human Rights] Charges were filed within the applicable statute of limitations, and (ii) whether the allegations contained in those complaints allege a colorable violation of Title VII.  These issues are central to [plaintiff's] pleadings, and her failure to include them does not allow her complaint to bypass [defendant's] motion to dismiss unexamined.

Carter v. Target Corp., 541 F. App'x 413, 416-17 (5th Cir. 2013) (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)) (citation omitted).

If Spears had referred to the EEOC documents in or attached them to her complaint, this court clearly could consider them in connection with defendant's Rule 12(b)(6) motion.  Despite plaintiff's failure to include these essential documents in her complaint, the court can take judicial notice of them because they are public records whose authenticity is not disputed.  Papasan v. Allain, 478 U.S. 265, 269 n.1 (1986);

<u>Cinel v. Connick</u>, 15 F.3d 1338, 1346 n.6 (5th Cir. 1994); <u>Davenport v. HansaWorld USA, Inc.</u>, No. 2:12-CV-233-KS-MTP, 2014 WL 2095190, at *4 n.1 (S.D. Miss. May 20, 2014); <u>Thomas v. Lowe's Home Ctrs., Inc.</u>, No. 13-0779, 2014 WL 545862, at *2 n.5 (W.D. La. Feb. 10, 2014); <u>Hilliard v. Parish</u>, No. 13-171, 2014 WL 68727, at *2 n.2 (E.D. La. Jan. 8, 2014); <u>Tucker v. Waffle House, Inc.</u>, No. 12-2446, 2013 WL 1588067, at *2, *6 (E.D. La. Apr. 11, 2013) (citing <u>Funk v. Stryker Corp.</u>, 631 F.3d 777, 783 (5th Cir. 2011); <u>Wilson v. Lockheed Martin Corp.</u>, No. 03-2276, 2003 WL 22384933, at *2 (E.D. La. Oct. 15, 2003); <u>King v. Life Sch.</u>, 809 F. Supp. 2d 572, 579 (N.D. Tex. 2011); <u>Carter v. Target Corp.</u>, No. 12-1541, 2012 WL 4867719, at *3 (W.D. La. Oct. 12, 2012), <u>amended on other grounds on reconsideration</u>, 2012 WL 6586410 (W.D. La. Dec 14, 2012), <u>aff'd</u>, 541 F. App'x at 413; Fed. R. Evid. 201(b)).

Accordingly, the court has considered the EEOC documents submitted by defendant without converting its Rule 12(b)(6) motion into one for summary judgment. The court has considered the documents not for the truth of the matters alleged therein, but solely to determine whether Spears has sufficiently alleged exhaustion of her administrative remedies.

B. <u>Rule 12(b)(1) Standards</u>

The burden of proof is on the party asserting jurisdiction, Spears in this case. <u>Randall D. Wolcott, M.D.</u>, 635 F.3d at 762-63. A Rule 12(b)(1) motion should be granted only if it appears certain that plaintiff cannot prove a plausible set of facts to establish

jurisdiction.  <u>Physician Hosps. v. Sebelius</u>, 691 F.3d 649, 652 (5th Cir. 2012); <u>Lopez v.</u>

<u>U.S. Immig. & Customs Enforcemt.</u>, 455 F. App'x 427, 432 (5th Cir. 2011); <u>Davis v.</u>

<u>United States</u>, 597 F.3d 646, 649 (5th Cir. 2009).

    C.    <u>Rule 12(b)(6) Standards</u>

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon

which relief may be granted.  The Supreme Court recently clarified this standard:

> "To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to 'state a claim to relief that is plausible on its
> face.'"  A claim for relief is plausible on its face "when the plaintiff pleads
> factual content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged."  A claim for relief is
> implausible on its face when "the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct."

<u>Harold H. Huggins Realty, Inc. v. FNC, Inc.</u>, 634 F.3d 787, 796 (5th Cir. 2011) (quoting

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550

U.S. 544 (2007))).  Motions to dismiss for failure to state a claim are viewed with disfavor

and are rarely granted.  <u>Turner v. Pleasant</u>, 663 F.3d 770, 775 (5th Cir. 2011).

"The Supreme Court's decisions in <u>Iqbal</u> and <u>Twombly</u> . . . did not alter the long-

standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a

court must 'accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most

favorable to the plaintiff.'"  <u>Harold H. Huggins Realty</u>, 634 F.3d at 803 n.44 (quoting

<u>True v. Robles</u>, 571 F.3d 412, 417 (5th Cir. 2009)) (internal quotation omitted); <u>accord</u>

<u>Jabary v. City of Allen</u>,  547 F. App'x 600, 604 (5th Cir. 2013) (quoting <u>Dorsey v.</u>

Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008)).  "With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"  Id. (quoting Iqbal, 556 U.S. at 664).

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend."  Hernandez v. Ikon Ofc. Solutions, Inc., 306 F. App'x 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).  However, that general rule does not apply if amendment would be futile because the complaint is time-barred on its face and the complaint fails to raise some basis for equitable tolling. Townsend v. BAC Home Loans Servicing, L.P., 461 F. App'x 367,  372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 F. App'x 346, 351-52 (5th Cir. 2011) (citing Goodman v. Praxair, Inc., 494 F.3d 458, 466 (4th Cir. 2007); Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 714-21 (3d ed. 2004) (hereinafter "Wright & Miller").

III.    ANALYSIS

A.    Whether Exhaustion of Administrative Remedies Is Jurisdictional

The School System argues that the court lacks subject matter jurisdiction of plaintiff's claims of race, sex, age and disability discrimination because she failed to exhaust her administrative remedies under Title VII, the Age Discrimination Act and the Disabilities Act.  The latter two statutes incorporate Title VII's powers, remedies and

procedures.  42 U.S.C. § 12117(a), 29 U.S.C. § 626(d)  The procedures are the same under all three statutes, with one exception.  Unlike Title VII and the Disabilities Act, the Age Discrimination Act does <u>not</u> require a complainant to wait for the investigating agency to act before she can file suit.  Under the Age Discrimination Act, she must only file an administrative charge with the EEOC, then wait at least 60 days before filing suit, regardless whether the agency has completed its investigation.  The age discrimination plaintiff may, but need not, obtain a right-to-sue notice before she seeks judicial review. 29 U.S.C. § 626(d); <u>Julian v. City of Houston</u>, 314 F.3d 721, 725 (5th Cir. 2002).  This exception is not at issue here, since Spears received a right-to-sue letter after filing her charge of race, sex, age and disability discrimination and before filing the instant case. Thus, decisions interpreting Title VII's exhaustion requirements are applicable to her claims brought under all three statutes.

In a deferral state such as Louisiana, the filing of an EEOC charge within 300 days of the last discriminatory or retaliatory act is a prerequisite to filing a lawsuit under either statute.  Plaintiff must wait to receive her statutory right-to-sue notice from the EEOC before filing a civil action under Title VII or the Disabilities Act.  After the EEOC issues a right-to-sue letter, plaintiff has 90 days to file her civil action under any of the three statutes.  Failure to file a charge with the EEOC and exhaust administrative remedies before filing suit will result in dismissal.  <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 109 (2002) (Title VII); <u>Windhauser v. Bd. of Supervisors</u>, 360 F. App'x 562, 566

(5th Cir. 2010) (Disabilities Act); <u>Garrett v. Judson Indep. Sch. Dist.</u>, 299 F. App'x 337,

344 (5th Cir. 2008) (Age Discrimination Act); <u>Hartz v. Adm'rs of Tulane Educ. Fund</u>, 275

F. App'x 281, 287 (5th Cir. 2008) (Title VII); <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d

376, 378-79 (5th Cir. 2002) (Title VII); <u>Dao v. Auchan Hypermkt.</u>, 96 F.3d 787, 788-89

(5th Cir. 1996) (Disabilities Act).

> However,

> the Fifth Circuit has acknowledged a split in its panel decisions with respect
> to the appropriate rule when a plaintiff fails to exhaust.  <u>See</u> <u>Pacheco v.
> Mineta</u>, 448 F.3d 783, 788 n.7 (5th Cir. 2006) ("There is disagreement in
> this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely
> a prerequisite to suit, and thus subject to waiver and estoppel, or whether it
> is a requirement that implicates subject matter jurisdiction.").

<u>Wiley v. Potter</u>, No. 3:06cv00679-DPJ-JCS. 2008 WL 4539559, at *1 n.1 (S.D. Miss.

Oct. 7, 2008); <u>accord</u> <u>Vidal v. Chertoff</u>, 293 F. App'x 325, 328 n.1 (5th Cir. 2008).

The United States Supreme Court has made clear in recent years that mere "claim-

processing rules," including administrative filing deadlines, imposed by various statutes

are <u>not</u> jurisdictional.  <u>See</u> <u>Sebelius v. Auburn Reg'l Med. Ctr.</u>, 133 S. Ct. 817, 825 (2013)

(quotation omitted) ("Key to our decision, we have repeatedly held that filing deadlines

ordinarily are not jurisdictional; indeed, we have described them as quintessential claim-

processing rules."); <u>Henderson ex rel. Henderson v. Shinseki</u>, 131 S. Ct. 1197, 1203

(2011) (citations omitted) ("[A] rule should not be referred to as jurisdictional unless it

governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction.

Other rules, even if important and mandatory . . . should not be given the jurisdictional

14

brand. . . .  [C]laim-processing rules," including filing deadlines, should not be described as jurisdictional unless Congress clearly indicates otherwise.).

In Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), the Supreme Court held that Title VII's requirement that an employer have 15 or more employees in order to be subject to the statute is not jurisdictional, but is an "element of a plaintiff's claim for relief." Id. at 504.  The Court emphasized

> that it is generally appropriate to assume that statutory restrictions on liability are substantive rather than jurisdictional, unless Congress indicates a clear intent to the contrary.  The Court's broad language calls into question the lower courts' tendency to treat numerous matters . . . as jurisdictional.  Experience under Arbaugh has revealed that courts continue to contract the number of statutory restrictions treated as jurisdictional rather than substantive, causing defendants to bring what would have been Rule 12(b)(1) motions as Rule 12(b)(6) motions to dismiss or as Rule 56 motions for summary judgment.

Wright & Miller, § 1350 at 714-21 (West Supp. 2013)).  Thus, "[a] statutory condition that requires a party to take some action before filing a lawsuit is not automatically a jurisdictional prerequisite to suit. . . .  We similarly have treated as nonjurisdictional other types of threshold requirements that claimants must complete, or exhaust, before filing a lawsuit."  Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010) (quotations and citations omitted).

The School System cites a recent decision by Chief Judge Vance of this court to support its argument that plaintiff's failure to exhaust administrative remedies deprives the court of subject matter jurisdiction.  In Firmin v. Richard Constr., Inc., No. 12-1391,

15

2012 WL 5332998, at *2 (E.D. La. Oct. 26, 2012), Chief Judge Vance found subject

matter jurisdiction lacking because plaintiff had filed an EEOC charge, but had not

received a right-to-sue letter when he filed his Title VII lawsuit.  Chief Judge Vance

distinguished between the initial charge filing deadline, which clearly is not jurisdictional,

and the remaining steps of the administrative procedure, which she described collectively

as the exhaustion requirement.  She acknowledged that

> [t]here is presently disagreement within the Fifth Circuit Court of Appeals
> as to whether this prerequisite of exhaustion implicates subject matter
> jurisdiction or is merely a requirement for successful suit.  The Supreme
> Court has held that the timely filing of a charge of discrimination with the
> EEOC, the first step required to bring a claim under 42 U.S.C. § 2000e-5,
> is not a jurisdictional prerequisite and thus is subject to waiver, tolling, or
> estoppel.  But, neither the Supreme Court nor the Fifth Circuit sitting <u>en
> banc</u> has ruled that the exhaustion requirement is also subject to waiver or
> estoppel.

<u>Id.</u> (citing <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982); <u>Pacheco</u>, 448

F.3d at 788 n.7).

> Chief Judge Vance reasoned that, unlike the initial filing deadline, the

> requirement that a person exhaust his administrative remedies and receive
> a right-to-sue letter from the EEOC before filing suit does not function as
> a statute of limitations that prescribes the length of time that a person has to
> act on his claim.  Rather, the exhaustion requirement allows the EEOC to
> pursue non-judicial resolution of discrimination claims, and thus Title VII
> prohibits civil actions "until the EEOC has first had the opportunity to
> attempt to obtain voluntary compliance."
>
> This important difference in function supports an interpretation of the
> exhaustion requirement as a jurisdictional prerequisite, even though the
> filing deadline is not. . . .
>
> In light of the differences between the requirements to timely file a
> charge and to await the EEOC's action before independently filing suit, the

Court finds that it does not have jurisdiction to hear a claim for which the administrative remedies have not been exhausted.

Id. at *3 (quoting Pacheco, 448 F.3d at 788-89).

Unlike the plaintiff in Firmin, Spears obtained right-to-sue letters on both her charges before filing suit, and the School System does not argue that she did not receive such notices.  Rather, defendant argues that Spears (1) failed to file an EEOC charge within 300 days of the last discriminatory act on her race, sex, age and disability claims asserted in her second charge, and (2) failed to file a lawsuit on her race discrimination claim asserted in her first EEOC charge within the 90-day limit after receiving that right-to-sue notice.  Because it was not an issue in Firmin, Chief Judge Vance did not discuss whether the final step of the administrative procedure of filing a timely civil action after receiving a right-to-sue notice is a non-jurisdictional statute of limitations or a jurisdictional element of the exhaustion requirement.

The Fifth Circuit has ruled that waiting for receipt of the right-to-sue notice before suing is not jurisdictional.

Our Title VII cases hold that "receipt of a right-to-sue letter is not jurisdictional but a condition precedent subject to equitable modification." Thus, even if the [Age Discrimination Act] required a right-to-sue notice prior to filing suit, we would likely reject the [defendant's] characterization of such a requirement as a jurisdictional prerequisite, which, if not satisfied, deprives courts of subject matter jurisdiction.

Julian, 314 F.3d at 725 n.3 (citing 42 U.S.C. § 2000e–5(f)(1)) (quoting McKee v. McDonnell Douglas Tech. Servs. Co., 705 F.2d 776, 777 n.2 (5th Cir. 1983) (citing

Pinkard v. Pullman-Std., 678 F.2d 1211, 1215-19 (5th Cir. 1982))); see also Gorman v. Verizon Wireless Tex., L.L.C., No. 13-20562, 2014 WL 2210478, at *3-4 (5th Cir. May 28, 2014) (citing Pinkard, 678 F.2d at 1215; Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483, 488 (Tex. 1991)) (quoting In re United Servs. Auto. Ass'n, 307 S.W.3d 299, 311 (Tex. 2010) ("USAA")) (Addressing the same issue under the Texas Commission on Human Rights Act, which "is modeled on Title VII," and relying on the United States Supreme Court's "'consistent[ ] constru[ction of] Title VII's requirements as mandatory and not jurisdictional'" and on the Texas Supreme Court's emphasis in USAA on the importance of harmonizing interpretations of the Texas statute with Title VII, the Fifth Circuit held that plaintiff's failure to obtain a right-to-sue letter from the Texas Workforce Commission before filing suit was not a jurisdictional defect, but a condition precedent, which was excused by her subsequent receipt of the letter.); Hilliard, 2014 WL 68727, at *2, *3 (Plaintiff filed suit under Title VII before receiving a right-to-sue notice, but "any procedural default was cured by the issuance of the . . . right to sue letter" while the case was pending. "Because neither the Supreme Court nor the Fifth Circuit sitting en banc has addressed the effect of a Title VII plaintiff's failure to exhaust administrative remedies, this Court is bound by [Pinkard,] the earliest panel decision on point," to hold that obtaining a right-to-sue notice before filing suit is not jurisdictional.).

"[W]hile the failure to comply with a condition precedent usually means that a plaintiff cannot bring suit, it does not mean that the district court lacks subject matter

jurisdiction if the case is otherwise before it."  Harris v. Amoco Prod. Co., 768 F.2d 669, 680 (5th Cir. 1985) (citations omitted).  In cases that the School System failed to bring to this court's attention, the Fifth Circuit has held that "[t]he ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations."  Harris v. Boyd Tunica, Inc., 628 F.3d 237, 239 (5th Cir. 2010) (citing Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 349 n.3 (1983); Espinoza v. Mo. Pac. R.R., 754 F.2d 1247, 1248 n.1 (5th Cir. 1985)); accord Giles v. City of Dallas, 539 F. App'x 537, 541 (5th Cir. 2013) (citing Harris, 628 F.3d at 239; Stokes v. Dolgencorp, Inc., 367 F. App'x 545, 548 (5th Cir. 2010)).

Therefore, under binding precedents from the Supreme Court and the Fifth Circuit that time limits for filing a charge with the EEOC and for filing a lawsuit after receiving a right-to-sue notice are not jurisdictional, I will determine the exhaustion issues raised by the School System's motion to dismiss under Rule 12(b)(6), not Rule 12(b)(1).

B.     Plaintiff's Race Discrimination Claim Arising from her First Charge

Spears filed her first charge of race discrimination with the EEOC on October 25, 2009.  She alleged that the School System had transferred her to Cuillier involuntarily and that her pay had been improperly reduced to the Assistant Principal rate since the transfer. The same allegations are among those that Spears makes in paragraphs 6 through 8 of her instant complaint under the heading of "Race, Age and Gender Base[d] Discrimination." On June 1, 2012, the EEOC issued a Notice of Right to Sue to Spears regarding her

19

October 25, 2009 charge of race discrimination.  Defendant argues that plaintiff failed to file a civil action within 90 days of receipt of this notice.

The "requirement to file a lawsuit within the ninety-day limitation period is strictly construed," and courts within the Fifth Circuit have repeatedly dismissed cases when the plaintiff did not file a civil complaint until after that period had expired.  Taylor, 296 F.3d at 379 (citations omitted).

> Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is received . . . .  When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed.

Id. (citations omitted).

Spears does not state in her complaint when she received the June 1, 2012 notice. Thus, "a presumption of receipt is appropriate."  Id. at 380; accord Stokes, 367 F. App'x at 547-48.  The court "may presume that the date of issuance is the date of mailing."  Id. at 548.  Assuming that the EEOC mailed the notice on June 1, 2012, Spears received it no later than June 8, 2012, seven days being the maximum length of time that the Fifth Circuit has approved for a presumptive receipt date.  Taylor, 296 F.3d at 379; Washington v. City of Gulfport, 351 F. App'x 916, 918 (5th Cir. 2009); Bowers v. Potter, 113 F. App'x 610, 612-13 (5th Cir. 2004)); but see Jenkins v. City of San Antonio, No. 5:12-CV-787-DAE, 2014 WL 1492756, at *7-8 (W.D. Tex. Apr. 17, 2014) (citing Morgan v. Potter, 489 F.3d 195, 196 (5th Cir. 2007)) (additional citations omitted) (Because the Fifth

Circuit in Morgan recognized that it has never firmly decided the exact number of days for the presumptive receipt of a right-to-sue letter and the Fifth Circuit agreed with the district court in that case that the five-day presumption provided in the letter was reasonable, the Western District of Texas holds that a three-day presumption for receipt of a right-to-sue letter is appropriate, "given the wealth of [persuasive] authority, both in and outside of the Fifth Circuit, adopting" such a period.). The instant complaint was filed on October 25, 2013, more than 90 days after plaintiff's latest possible presumptive receipt date. The complaint is therefore untimely, unless, as Spears argues, her prior lawsuit interrupted the running of that deadline.

Spears filed Civil Action No. 12-1991 on August 2, 2012, within 90 days of her presumptive receipt of the right-to-sue notice on June 8, 2012. However, her complaint in that action only alleged violations of the Age Discrimination Act, the Disabilities Act, the Family Medical Leave Act "and relative state law" based on "her age, disability and frequent medical problems." The complaint did not mention Title VII and did not include any allegations of race discrimination. It was not a timely filing of a race discrimination complaint based on the events in the October 25, 2009 charge and did not interrupt the running of the 90-day limitations period that began on June 8, 2012. Therefore, plaintiff's claim of race discrimination in the instant lawsuit that is based on the same events and was filed more than 90 days after her receipt of the June 1, 2012 right-to-sue notice is untimely. Stokes, 367 F. App'x at 548; Taylor, 296 F.3d at 380.

Any attempt to cure this defect by amending the complaint would be futile. Accordingly, defendant's motion to dismiss is granted and plaintiff's race discrimination claim that is within the scope of any EEOC investigation that could reasonably be expected to grow out of the October 25, 2009 charge is dismissed with prejudice.

C.   Plaintiff's Sex Discrimination Claim

Spears never filed any charge of sex discrimination with the EEOC. She did not check the box for sex discrimination and did not allege any facts in either of her charges that could be interpreted as making a claim of sex discrimination. Her 2009 charge alleged only race discrimination and her 2013 charge alleged only race, age and disability discrimination and retaliation.

A complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination or retaliation. Mack v. John L. Wortham & Son, L.P., 541 F. App'x 348, 358 (5th Cir. 2013) (citing Pacheco, 448 F.3d at 789; Thomas v. Tex. Dep't of Crim. Justice, 220 F.3d 389, 395 (5th Cir. 2000); Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990)); Garrett, 299 F. App'x at 344 n.7. An EEOC investigation into plaintiff's race-, disability- and age-based discrimination charges would not reasonably lead the EEOC to investigate charges of sex discrimination. Mack, 541 F. App'x at 358. Plaintiff's "failure to allege sex discrimination in an EEOC charge properly results in dismissal of a subsequent complaint for lack of exhaustion." Id.

Because more than 300 days have passed since Spears retired from the School System on August 8, 2012, which would have been the last possible date of any discrimination, she could not now file a charge of sex discrimination with the EEOC.  Her failure to file any sex discrimination charge within the 300-day limitations period requires dismissal of her claim as time-barred.  Morgan, 536 U.S. at 113; Martin v. Lennox Int'l Inc., 342 F. App'x 15, 18 (5th Cir. 2009); Stith v. Perot Sys. Corp., 122 F. App'x 115, 117 (5th Cir. 2009); Tyler v. Union Oil Co., 304 F.3d 379, 382, 391 (5th Cir. 2002).

Any attempt to amend the complaint to cure this defect would be futile.  Defendant's motion is granted and plaintiff's sex discrimination claim is dismissed with prejudice.

D.      Plaintiff's Age Discrimination Claim

Analysis of whether Spears exhausted her age discrimination claim is basically the same as for her sex discrimination claim.  To the extent that her instant complaint alleges age discrimination based on being assigned to Cuillier on July 25, 2007 and replaced by a younger man as principal at Waggaman, her failure to file an age discrimination charge with the EEOC within 300 days of those discrete acts bars her claim in this court.  Her February 27, 2013 age discrimination charge was filed much more than 300 days after these actions and is untimely as to them.  It would be futile to allow an amended complaint as to this claim.

Spears also alleges that the Board hired a younger man as principal at Cuillier after that position was advertised on July 14, 2011, but her complaint does not state when the principal was hired.  Three hundred days before she filed her charge with the EEOC on February 27, 2013 was May 4, 2012.  If the hiring of the younger principal occurred before May 4, 2012, plaintiff's failure to file an age discrimination charge within 300 days of that discrete act bars her claim in this court.

If the principal was hired after May 4, 2012, plaintiff's age discrimination charge on February 27, 2013 would be timely, if it was based on that act.  However, Spears failed to allege any facts about this hiring in her charge.  The facts in her charge referred only to defendant's denial of her requested medical leave, the proposed termination of her employment and her involuntary retirement.  An investigation into these facts would not reasonably be expected to lead to any investigation of the hiring of a younger principal.

Plaintiff's failure to file any EEOC charge within the 300-day limitations period based on either her assignment to Cuillier on July 25, 2007 and her replacement at Waggaman by a younger male, or the hiring of a younger male as principal at Cuillier sometime after July 14, 2011, requires dismissal of her age discrimination claim as time-barred, but only to the extent that her claim in this court is based on those events.

It would be futile to allow an amended complaint as to this claim.  Accordingly, defendant's motion is granted as to her age discrimination claim based on the hiring of a younger principal at Cuillier.

24

E.     The Motion Is Otherwise Denied as to Plaintiff's Claims of Race, Age and
       Disability Discrimination and Retaliation Arising out of her Second Charge

Under the Iqbal/Twombly standards, I cannot accept defendant's arguments that the remainder of plaintiff's claims of race, age and disability discrimination and retaliation, based on her second charge filed with the EEOC on February 27, 2013, must be dismissed for failure to state a claim to relief that is plausible on its face.  Spears asserts in her opposition memorandum that defendant's actions alleged in her charge as occurring between January 17, 2012 (which was more than 300 days before February 27, 2013) and August 8, 2012 were continuing violations.  Assuming solely for purposes of the pending motion that this assertion is true, the charge was timely filed within 300 days of the last continuing action.  Even if there were no continuing violations, any violation that occurred after May 4, 2012, i.e., less than 300 days before February 27, 2013, was included in a timely charge.  Her complaint was timely filed in this court within 90 days of her presumptive receipt of the second right-to-sue notice dated August 15, 2013.

The School System argues that the complaint asserts claims of race, age and disability discrimination and retaliation that are outside the scope of the February 27, 2013 charge.  I find that, while plaintiff's complaint is vague and confusing in its factual allegations and is perhaps poorly organized in that the facts relevant to each claim may not be under the appropriate heading, the facts alleged in the complaint as a whole mirror those in the EEOC charge.  Plaintiff's charge alleged race, age and disability discrimination and retaliation based on several events that allegedly occurred between

25

January 7, 2012 and August 8, 2012.  Her complaint of race, age and disability

discrimination and retaliation based on the same facts is within the scope of the charge.

Defendant also contends that the complaint fails to allege all of the elements of

plaintiff's claims of disability discrimination, violation of the Family Medical Leave Act

and retaliation.  Fed. R. Civ. P. 8(a)(2) only requires a complaint to "contain a short and

plain statement of the claim showing that the pleader is entitled to relief. . . .  [T]he

pleading standard Rule 8 announces does not require detailed factual allegations . . . ."

Iqbal, 556 U.S. at 678.  Spears "need not allege in her complaint every fact that she might

need to prove to prevail on the merits. . . .  This simplified notice pleading standard need

only give a defendant fair notice of what the plaintiff's claim is and the grounds upon

which [it] rests.  The liberal discovery rules and summary judgment motions are then

employed to explore the details of the claim."  Goss v. Hardy Energy Servs., Inc., No.

09-0443, 2010 WL 427748, at *2 (W.D. La. Feb. 3, 2010) (citing Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 512 (2002)); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 438

(5th Cir. 2004).

The remedy for any pleading deficiencies is not to dismiss the complaint, but to

allow Spears to amend her complaint to make appropriate allegations.  In the instant case,

I find that the complaint, although undeniably confusing, complies with Rule 8(a) and

provides both sufficient factual and legal allegations to apprise defendant of her plausible

claims.  Accordingly, the motion to dismiss is denied as to plaintiff's claims of race, age

and disability discrimination and retaliation based on the events alleged in her 2013 charge and reasonably expected to grow out of the EEOC's investigation of that charge, and her claim of violation of the Family Medical Leave Act.

F.   Dr. Meza May Not be Held Liable Individually Under the Federal Anti-Discrimination Statutes

Dr. Meza argues that he is not a proper defendant in this action because Title VII, the Disabilities Act and the Age Discrimination Act apply only to "employers," not to individual supervisors or employees.  I find that Spears cannot state a claim against Dr. Meza under these statutes because the law is clear that he is not an "employer."

It is well established in the Fifth Circuit that only an "employer" can be liable under Title VII, which defines the term as "a person engaged in an industry affecting commerce who has fifteen or more employees for [a specified length of time]."  42 U.S.C. § 2000e(b).  "The Fifth Circuit has specifically found that '[i]ndividuals are not liable under Title VII in either their individual or official capacities.'"  Murungi v. Touro Infirmary, No. 11-1823, 2012 WL 1014811, at *3 (E.D. La. Mar. 21, 2012) (quoting 42 U.S.C.A. § 2000e(a); Ackel v. Nat'l Commc'ns, Inc., 339 F.376, 382 n.1 (5th Cir. 2003)) (citing 42 U.S.C.A. § 2000e(b); Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1994); Smith v. Amedisys, Inc., 298 F.3d 434, 448 (5th Cir. 2002)); accord Muthukumar v. Kiel, 478 F. App'x 156, 158 (5th Cir. 2012).

The definitions of employer in the Disabilities Act and the Age Discrimination Act mirror that of Title VII, and courts have held that there is no individual liability under

those statutes.  <u>Medina v. Ramsey Steel Co.</u>, 238 F.3d 674, 686 (5th Cir. 2001) (Age Discrimination Act); <u>Fife v. Vicksburg Healthcare, LLC</u>, 945 F. Supp. 2d 721, 731 (S.D. Miss. 2013) (Age Discrimination Act) (citing <u>Stults v. Conoco, Inc.</u>, 76 F.3d 651, 655 (5th Cir. 1996)); <u>Franklin v. City of Slidell</u>, 928 F. Supp. 2d 874, 881-82 (E.D. La. 2013) (Disabilities Act) (citing <u>Roman-Oliveras v. P.R. Elec. Power Auth.</u>, 655 F.3d 43, 51-52 (1st Cir. 2011); <u>Walsh v. Nev. Dep't of Human Res.</u>, 471 F.3d 1033, 1037-38 (9th Cir. 2006); <u>Fasano v. Fed. Reserve Bank</u>, 457 F.3d 274, 289 (3d Cir. 2006); <u>Pritchard v. S. Co. Servs.</u>, 102 F.3d 1118, 1118 n.7 (11th Cir. 1996); <u>Butler v. City of Prairie Vill.</u>, 172 F.3d 736, 744 (10th Cir. 1999); <u>Corr v. MTA Long Island Bus</u>, No. 98-9417, 1999 WL 980960, at *2 (2d Cir. Oct. 7, 1999); <u>U.S. Equal Employment Opportunity Comm'n v. AIC Sec. Investigs., Ltd.</u>, 55 F.3d 1276, 1281 (7th Cir. 1995); <u>Bellow v. Bd. of Supervisors</u>, 913 F. Supp. 2d 279, 288-89 (E.D. La. Dec. 21, 2012); <u>Starkman v. Evans</u>, 18 F. Supp. 2d 630, 632 (E.D. La. 1998); <u>Robertson v. Neuromed. Ctr.</u>, 983 F. Supp. 669, 670 n.1 (M.D. La. 1997)).

As a matter of law, Dr. Meza is not an employer for purposes of Title VII, the Disabilities Act and the Age Discrimination Act.  Spears fails to state a claim against him under these statutes.  This  "insurmountable bar to relief" cannot be cured by amending the complaint.  <u>Murungi</u>, 2012 WL 1014811, at *3.  Accordingly, defendant's motion is granted and plaintiff's claims against Dr. Meza under Title VII, the Disabilities Act and the Age Discrimination Act are dismissed with prejudice.

G.     Plaintiff's State Law Claims

1.     Fraud and mental anguish

Spears asserts Louisiana state law claims of fraud and mental anguish.  Mental anguish is not a cause of action, but an element of damages.  The court will assume for purposes of the pending motion that plaintiff intends to assert a claim for intentional infliction of emotional distress.  These claims are prescribed on the face of the complaint.

Fraud and intentional infliction of emotional distress are delictual (tort) actions subject to a one-year prescriptive period under Louisiana law.  La. Civ. Code art. 3492; Zeno v. Nixon, 133 So. 3d 1285, 1288-89 (La. App. 3d Cir. 2014) (fraud); Roane v. Jones, 116 So. 3d 700, 707-08 (La. App. 2d Cir. 2013) (fraud); Godfrey v. Reggie, 94 So. 3d 82, 89 (La. App. 3d Cir. 2012) (intentional infliction of emotional distress).

Prescription begins to run from the day the injury or damage was sustained.  La. Civ. Code art. 3492; Denoux v. Vessel Mgmt. Servs., Inc., 983 So. 2d 84, 88 (La. 2008). "Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort."  Mims ex rel. Succ'n of Mims v. Lifecare Hosp., LLC, 1 So. 3d 660, 663 (La. App. 2d Cir. 2008) (citing Campo v. Correa, 828 So. 2d 502, 510 (La. 2002)).  "Further, 'prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished; of two possible constructions, that which favors maintaining, as opposed

to barring, an action should be adopted.'" Godfrey, 94 So. 3d at 89 (quoting Bustamento v. Tucker, 607 So. 2d 532, 537 (La. 1992)).

When "the petition is prescribed on its face, the plaintiff bears the burden of proving the prescriptive period has been suspended, interrupted or renounced." Wilhike v. Polk, 999 So. 2d 83, 85 (La. App. 4th Cir. 2008) (citation omitted); accord Denoux, 983 So. 2d at 88; Roane, 116 So. 3d at 708. "Prescription that has already run cannot be suspended or interrupted." Dominion Expl. & Prod., Inc. v. Waters, 972 So. 2d 350, 362 (La. App. 4th Cir. 2007) (citation omitted); accord Denoux, 983 So. 2d at 89.

In the instant case, all of defendant's allegedly tortious actions occurred on or before August 8, 2012. Plaintiff's tort claims prescribed one year later on August 8, 2013, but she did not file her complaint until October 25, 2013, long after prescription had already run. She has not alleged that she did not know about any of defendant's actions. Prescription was not interrupted or suspended by her previous lawsuit in 2012 because, although she vaguely asserted jurisdiction based on "relative state law" in that complaint, she did not assert any claims of fraud or intentional infliction of emotional distress in that civil action.

Accordingly, plaintiff's claims of fraud and intentional infliction of emotional distress have prescribed. This defect cannot be cured by amendment of the complaint. Defendant's motion is granted and these claims are dismissed with prejudice.

2.      Claims under Louisiana employment laws

Defendant moves to dismiss any claims that Spears may be asserting under La. Rev. Stat. § 17:421 (regarding a minimum salary schedule with respect to teachers in public elementary and high schools; this section was repealed by Acts 2012, No. 1, § 4, effective July 1, 2012) and § 17:543 (regarding promotions and protection of tenure for full-time employees of vocational technical schools).  Defendant argues that these claims, if any, prescribed before Spears filed the instant lawsuit.  She does not respond to this argument in her opposition memorandum.

The court does not read plaintiff's complaint as alleging causes of action under Sections 17:421 and 17:543.  These statutes do not appear to grant a cause of action for their violation, or at least not before plaintiff has exhausted her administrative remedies.  See, e.g., Clark v. Wilcox, 928 So. 2d 104, 109 (La. App. 1st Cir. 2005) (citing Jackson v. St. Landry Parish Sch. Sys., 407 So. 2d 51, 53, 55 (La. App. 3d Cir. 1981)) ("The removal of a teacher is governed by the teacher tenure law, LSA–R.S. 17:441 et seq., which is designed to protect the job security of teachers . . . .  The teacher tenure law sets forth detailed procedures which must be adhered to in order to perfect the proper removal of a teacher who has attained permanent status."); id. at n.6 (citing State ex rel. DeBarge v. Cameron Parish Sch. Bd., 202 So. 2d 34, 37 (La. App. 3d Cir. 1967)) ("The School Board had no right to remove Clark from his position without first giving him a copy of the formal written charges and a hearing as prescribed by the statute.").

As the complaint stands, I find that Spears has not alleged any claims under these statutes. If she intended to do so, she must move to amend her complaint to clarify the authority under which she brings any such cause of action and the facts necessary to establish the court's jurisdiction over the claim.

To the extent that Spears, by citing these statutes, is alleging that she was wrongfully terminated, a claim for wrongful termination under Louisiana tort law prescribes in one year. La. Civ. Code art. 3492; Davis v. La. Cmty. & Tech. Coll. Sys., No. 2010 CA 1156, 2011 WL 579203, at *1 (La. App. 1st Cir. Feb. 11, 2011); Clark, 928 So. 2d at 109; see also Gettridge v. Orleans Parish Sch. Bd., No. 2009-CA-0146, 2009 WL 8678635, at *2 (La. App. 4th Cir. June 10, 2009) (one-year prescriptive period for wrongful termination applied to School Board's alleged failure to comply with La. Rev. Stat. § 17:522 ["Probationary term and tenure; employees other than teachers"], in terminating plaintiff as a tenured secretary after she was dismissed as a non-tenured temporary teacher).

Spears's wrongful termination claim prescribed no later than August 8, 2013, one year after she retired and long before she filed the instant lawsuit. The filing of her EEOC charge on February 27, 2013 had no effect on the running of prescription under state tort law. Drury v. U.S. Army Corps of Eng'rs, 359 F.3d 366, 368 (5th Cir. 2004) (citing Taylor v. Bunge Corp., 775 F.2d 617, 618-19 (5th Cir. 1985)); Fussell v. Bellsouth Comm'cns, Inc., No. 96-1660, 1998 WL 12229, at *2 (E.D. La. Jan. 8, 1998); Roth v. N.J.

Malin & Assoc., No. 98-1793, 1998 WL 898367, at *5 (E.D. La. Dec. 21, 1998); Brouillette v. Transam. Ref. Corp., No. 95-0584, 1995 WL 683869, at *4 (E.D. La. Nov. 11, 1995)); McCullough v. Kirkum, No. 04 CV 2579, 2006 WL 845770, at *5 (W.D. La. Mar. 28, 2006), aff'd, 212 F. App'x 281 (5th Cir. 2006).  Any attempt to amend the complaint to cure this defect would be futile.  Defendant's motion to dismiss is granted as to plaintiff's wrongful termination claim, if any.

To the extent Spears is alleging that the School System wrongfully demoted her from principal to assistant principal and/or reduced her pay on July 25, 2007, based on her race, sex, age and/or disability, these claims are prescribed under the one-year limitations period for employment discrimination claims under state law.

> Any cause of action provided in this [Louisiana Employment Discrimination Law] shall be subject to a prescriptive period of one year.  However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights.  No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

La. Rev. Stat. § 23:303(D) (emphasis added).

"When prescription is interrupted, a new prescriptive period begins to commence after the period of interruption.  When prescription is suspended, the time which preceded the suspension is added to the time which follows it."  Miller v. Vogel, No. 03-2039, 2003 WL 22966361, at *2 n.3 (E.D. La. Dec. 17, 2003) (citing Geiger v. Louisiana, 815 So. 2d 80, 84-85 (La. 2002)).

Thus, "Louisiana's anti-discrimination statute has a prescriptive period of one year during which a plaintiff must file her complaint . . . .  This period may be extended by [no more than] six months during the pendency of an administrative investigation of a claim of discrimination by the EEOC or the Louisiana Commission on Human Rights." Johnson v. Harrah's Ent'mt, Inc., No. 04-331, 2005 WL 3541139, at *3 (E.D. La. Nov. 16, 2005) (citing La. R.S. 23:303(D); Ringo v. Winn-Dixie La., Inc., No. 03-2968, 2004 WL 737481, at * 2 (E.D. La. Apr. 5, 2004)); accord Thomas v. Lowe's Home Ctrs., Inc., No. 13-0779, 2014 WL 545862, at *4 (W.D. La. Feb. 10, 2014).

Plaintiff's state law discrimination claims based on her demotion or reduced pay on July 25, 2007 prescribed no later than July 25, 2008.  She did not file her first EEOC charge until September 10, 2009, at which time the claims had already prescribed. Neither the 2009 EEOC charge nor the filing of the 2012 lawsuit could revive the prescribed claims.  Defendant's motion is granted as to these claims.

However, plaintiff's state law discrimination claims, if any, based on actions that occurred between January 7 and August 8, 2012, the time period alleged in her second EEOC charge filed on February 27, 2013, are not prescribed on the face of the complaint. Spears argues in her opposition memorandum that these actions were continuing torts. Again assuming, solely for purposes of the instant motion, that the actions were continuing, they ended on August 8, 2012, and the prescriptive period began to run that day.  After running for 204 days, prescription was suspended from February 27, 2013,

when Spears filed her charge, until the EEOC issued the right-to-sue notice on August 15, 2013, which was less than the maximum suspension of six months allowed by the statute.[1] When prescription began to run again on August 15, Spears had 161 days left in the 365-day prescriptive period because 203 days had already run. She filed the instant complaint on October 25, 2013, 72 days after the suspension ended and well within the 161 remaining days. Defendant's motion is denied as to these claims.

To the extent that Spears might be asserting a cause of action for "recovery of compensation for services rendered, including payment of salaries," that claim prescribes after three years. La. Civ. Code art. 3494(1). Her claim is prescribed to the extent it is based on her salary payments more than three years before the current complaint was filed on October 25, 2013, or before October 25, 2010. However, her complaint alleges that she did not receive any wages during the entire period after December 29, 2011, and/or that she received wages beginning at some unspecified time during that period, but not as much as she should have received. These claims, to the extent they arise under the Louisiana wage recovery law, have not prescribed.

---

[1]My research has not located any cases in which, as happened here, plaintiff obtained a right-to-sue letter in less than six months. The suspended prescription in this case began to run no earlier than the date when the EEOC issued the letter. If prescription did not begin to run either until Spears received the letter or until the maximum possible suspensive period of six months expired, either of those later dates would extend her deadline to file suit for a few more days.

CONCLUSION

Defendant's motion is GRANTED in part and the following claims are DISMISSED WITH PREJUDICE:  plaintiff's (1) race discrimination claim based on events alleged in the October 25, 2009 charge under Title VII; (2) sex discrimination claims under Title VII; (3) claims under the Age Discrimination Act based on her assignment to Cuillier on July 25, 2007, her replacement by a younger man at Waggaman, and the hiring of a younger principal at Cuillier; (4) all claims against Dr. Meza under Title VII, the Disabilities Act and the Age Discrimination Act; (5) claims of fraud, intentional infliction of emotional distress and wrongful termination under Louisiana tort law; (6) claims of wrongful demotion and/or reduced pay on July 25, 2007, based on race, sex, age and/or disability discrimination under Louisiana state law; and (7) claims for recovery of compensation for services rendered before October 25, 2010.

The motion is DENIED in all other respects.  The claims remaining in this action are plaintiff's federal claims against the Board for race, age and disability discrimination and retaliation that are within the scope of the February 27, 2013 charge; claims that both defendants violated the Family Medical Leave Act; claims against both defendants under Louisiana state law of discrimination and retaliation based on actions that occurred between January 7 and August 8, 2012; and state law claims against both defendants for recovery of compensation for services rendered after October 25, 2010.

To whatever extent, if any, that Spears seeks to assert state law claims under La. Rev. Stat. §§ 17:421 and/or 17:543, as discussed above, she must file a motion clearly to do so, **no later than July 2, 2014,** failing which no such claims may be pursued in this action.

New Orleans, Louisiana, this ____17th____ day of June, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE