**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SYLVIA A. SPEARS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6266** |
| **JEFFERSON PARISH SCHOOL BOARD and DR. JAMES MEZA, in his official capacity as Superintendent of Jefferson Parish Public School System** | **SECTION "R"**<br>**JUDGE SARAH S. VANCE**<br><br>**MAG. DIV. (2)**<br>**MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR.** |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, come Defendants, Jefferson Parish School Board ("JPSB") and Dr. James Meza ("Meza") (collectively "Defendants"), without waiving and expressly reserving all defenses, objections, and arguments, and file the following Answer and Affirmative Defenses in response to the allegations contained in the Complaint ("Complaint") filed by Plaintiff Sylvia A. Spears. Defendants deny each and every allegation contained in the Complaint, except those which are hereinafter expressly admitted.

In specific defense of the allegations set forth in Plaintiff's Complaint, Defendants specifically assert the following affirmative defenses. By pleading the following affirmative defenses, Defendants do not concede that each of these defenses is to be proven by them. Defendants affirmatively aver that Plaintiff bears the burden of proof on all matters necessary to state a claim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted, in whole or part.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim against Meza under any state law of discrimination and/or retaliation.

### THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively assert that Meza is not an employer under state discrimination and retaliation laws.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations and/or prescription, and may also be barred, in whole or part, by the applicable administrative requirements.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, for failure to exhaust administrative remedies and/or failure to comply with procedural prerequisites.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which an award of compensatory and/or punitive damages can be granted, and Plaintiff fails to state a claim to justify an award for equitable relief.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively plead the defense of good faith and affirmatively aver that at all times Defendants acted in good faith, with rational basis, and without any discriminatory, retaliatory, or wrongful intent whatsoever with respect to all of the employment decisions concerning Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff cannot make out a *prima facie* case of discrimination and/or retaliation.

**NINTH AFFIRMATIVE DEFENSE**

Defendants affirmatively deny that any of their policies or procedures, insofar as such related to Plaintiff, were motivated by Plaintiff's age, race, alleged disability, or retaliation.

**TENTH AFFIRMATIVE DEFENSE**

Defendants aver that neither age, race, alleged disability, nor retaliation were a factor, nor played a role in any of Defendants' actions regarding Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are barred in whole or part for failure to mitigate, minimize, or avoid the damages and losses alleged.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants affirmatively deny that Plaintiff was adversely affected at any time in her employment because of her age, race, alleged disability, or retaliation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively deny that Plaintiff was discriminated against or treated differently than other employees because of her age, race, alleged disability, or retaliation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that they had legitimate, non-discriminatory, and non-retaliatory business reasons with respect to all employment actions involving Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff must prove retaliation according to "but for" causation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants aver that JPSB does not have a policy, practice, or custom of discriminating against employees on any basis, including, but not limited to age, race, alleged disability, or retaliation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that at all times pertinent to the claims in Plaintiffs' Complaint, JPSB had adequate workplace policies with respect to equal employment opportunities and discrimination in the workplace.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively deny that they or any of their agents or assignees discriminated against Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that they exercised reasonable care to prevent any alleged discriminatory conduct as well as investigating and taking prompt and remedial action to promptly correct and eliminate any alleged discriminatory and/or retaliatory conduct when it might occur; further, Plaintiff failed to exercise reasonable care to take advantage of JPSB's preventive and corrective safeguards and to otherwise prevent any alleged harm that could have been avoided.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that the reasons for the employment actions concerning Plaintiff were not a pretext for discrimination and/or retaliation.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that they took appropriate action to investigate and resolve any workplace issue submitted by Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants affirmatively deny that Plaintiff sustained any damages as a result of any alleged discriminatory action by Defendants and/or any employees of JPSB.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that Plaintiff failed to comply with JPSB's policies and procedures, and Plaintiff also failed to exercise reasonable care to take advantage of JPSB's preventive and corrective policies, procedures, and safeguards and to otherwise prevent harm that could have been avoided.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that Plaintiff is not entitled to any legal, equitable, declaratory, or monetary relief, including, but not limited to, compensatory damages, back pay, front pay, punitive damages, and attorney's fees.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants affirmatively plead that if any action was taken by employees of JPSB in violation of federal or state discrimination laws, such acts were contrary to JPSB's policies prohibiting discrimination, and were outside the scope of the functions in which they were employed.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that they are not liable for any intentional acts of employees of JPSB if such acts are outside the course and scope of employment.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively deny that Plaintiff was discriminated against on the basis of any alleged disability or that she was regarded as having an impairment or alleged disability. Defendants never treated Plaintiff as having a substantially limiting impairment.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants aver that they acted in compliance with Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, and related Louisiana state law, at all times relative to this lawsuit.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that they neither acted nor relied upon impermissible factors or unlawful criteria in any of their employment decisions concerning Plaintiff.

**THIRTIETH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that their decisions concerning Plaintiff were neither arbitrary nor capricious, but rather made in good faith, with rational bases.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendants affirmatively deny that malice or reckless indifference motivated any action taken toward Plaintiff during the course of Plaintiff's employment with JPSB.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Defendant avers that any award which Plaintiff may receive herein is subject to a statutory cap.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim for damages is subject to offsets of all amounts Plaintiff has and could have earned with reasonable diligence.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Even if Plaintiff sustained and is entitled to damages, which is specifically denied, Defendants affirmatively aver that Plaintiff has failed to make reasonable efforts to mitigate the alleged damages she claims in this action. In addition, any recovery to which Plaintiff may be entitled should be reduced by: (1) all amounts of compensation and benefits received by Plaintiff since her employment with Defendant, JPSB, ended and to be received in the future by Plaintiff; (2) wages that were earned or could have been earned by Plaintiff with reasonable diligence since her employment with Defendant JPSB ended, and by all amounts that will be earned or which could be earned with reasonable diligence in the future; and (3) any other caps and/or offsets to damages permissible by law.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants affirmatively deny that Plaintiff is entitled to any relief whatsoever under federal or state law, including, but not limited to, compensatory damages, front pay, back pay, or any other damages such that any legal or equitable remedies requested by Plaintiff are clearly unwarranted in this matter.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

The fact that Plaintiff is not entitled to any relief in this matter was caused wholly by her own actions which are specifically pled as a bar to any claims and/or claimed relief.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively deny that Plaintiff sustained any damages as a result of any fault or wrongdoing on the part of Defendants.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants affirmatively plead the defenses of res judicata and/or collateral estoppel.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that they sought to reasonably accommodate Plaintiff's job duties while she was employed with JPSB, based on any medical evidence which may have warranted reasonable accommodation to enable Plaintiff to perform the essential functions of her job.

**FORTIETH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver the affirmative defenses of equitable estoppel and ratification.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff is not an eligible employee as defined by the Family and Medical Leave Act.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff did not request an accommodation.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff is not disabled or perceived as disabled for purposes of the Americans with Disabilities Act or any other applicable law.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants affirmatively deny that Plaintiff was adversely affected, or treated differently during any time in her employment because of her filing of EEOC charges and/or alleged prior complaints. The substance of any such charges and complaints is denied.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that any alleged mental pain or anguish or alleged physical harm suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff lacks statutory standing to pursue claims beyond the scope of her EEOC charges.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants expressly reserve the right to file and assert any other defense or assert any further affirmative defenses that are or may become available or appear during subsequent proceedings in this action, or as may be established during discovery and/or by the evidence in the case. Defendants further reserve their right to amend this Answer to assert such defenses upon discovery of further information regarding Plaintiffs' purported claims.

**ANSWER**

For their Answer, Defendants respond as follows to the numbered paragraphs of Plaintiff's Complaint:

1.

The allegations in Paragraph 1 of Plaintiff's Complaint cite the legal statutes under which Plaintiff alleges she is entitled to relief and require no response from Defendants; to the extent a response is required, Defendants expressly deny that these legal statutes entitle Plaintiff to relief

or that Defendants are liable to Plaintiff. Also, to the extent that Plaintiff is attempting to assert claims against Defendant Meza under Title VII, the ADEA, and the ADA, no response is required by Defendant Meza because the Court dismissed all claims which arise from these allegations. In addition, Plaintiff purports to set forth the subject matter jurisdiction of the Court, which legal arguments do not require a response from Defendants, but to the extent a response is required, subject matter jurisdiction is admitted.

2.

Upon information and belief, Defendants admit the allegations in Paragraph 2, except with regard to Plaintiff's allegation that Dr. James Meza, Jr. is "within the jurisdiction of this court," which is a legal argument which requires no response, but to the extent a response is warranted, this allegation is denied.

3.

Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.

Upon information and belief, Defendants admit that Plaintiff is an African American female who was employed as a teacher in 1983; Defendants deny that Plaintiff "began her career with the Jefferson Parish School System."

5.

The allegations in Paragraph 5 of the Complaint are vague, ambiguous, and express a subjective opinion of Plaintiff; Defendants deny these allegations as stated.

6.

The allegations in Paragraph 6 of the Complaint require no response from Defendants because the Court dismissed all claims which arise from these allegations. To the extent a

response is required, based upon information and belief, Defendants admit the allegations in Paragraph 6. However, with regard to Plaintiff's subjective assertion that "she was qualified for this position," this requires no response from Defendants, but to the extent a response is required, this allegation is denied as stated.

7.

The allegations in Paragraph 7 of the Complaint require no response from Defendants because the Court dismissed all claims which arise from these allegations. To the extent a response is required, the allegations in Paragraph 7 of the Complaint are denied as stated, except that Defendants admit that on July 25, 2007, Plaintiff was transferred to Cullier Career Center.

8.

The allegations in Paragraph 8 of the Complaint require no response from Defendants because the Court dismissed all claims which arise from these allegations. To the extent a response is required, all allegations in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein, and also denied, as stated.

9.

The allegations in Paragraph 9 of the Complaint require no response from Defendants because the Court dismissed all claims which arise from these allegations. To the extent a response is required, all allegations in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein and also denied, as stated.

10.

The allegations in Paragraph 10 of the Complaint require no response from Defendants because the Court dismissed all claims which arise from these allegations. To the extent a

response is required, all allegations in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein and also denied, as stated.

11.

The allegations in Paragraph 11 of the Complaint require no response from Defendants because the Court dismissed all claims which arise from these allegations. To the extent a response is required, all allegations in Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein and also denied, as stated.

12.

The allegations in Paragraph 12 of the Complaint require no response from Defendants because the Court dismissed all claims which arise from these allegations. To the extent a response is required, all allegations in Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein and also denied, as stated.

13.

Defendants deny the allegations in Paragraph 13 of the Complaint for lack of sufficient information to justify a belief therein, and also denied, as stated.

14.

The allegations in Paragraph 14 of the Complaint contain legal conclusions which require no response from Defendants; to the extent a response is required, these allegations are denied.

15.

The allegations in Paragraph 15 of the Complaint contain legal conclusions which require no response from Defendants; to the extent a response is required, the allegations regarding the application of the ADA are denied, and the allegations regarding Plaintiff's alleged diagnoses and treatment are denied for lack of sufficient information to justify a belief therein.

16.

The allegations in Paragraph 16 of the Complaint contain legal conclusions which require no response from Defendants; to the extent a response is required, the allegations regarding the application of the ADA are denied, and the allegations regarding Plaintiff's alleged medical conditions are denied for lack of sufficient information to justify a belief therein.

17.

The allegations in Paragraph 17 of the Complaint contain legal conclusions which require no response from Defendants; to the extent a response is required, these allegations are denied.

18.

The allegations in Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations in Paragraph 19 of the Complaint contain legal conclusions which require no response from Defendants; to the extent a response is required, Defendants admit that on March 27, 2012, Plaintiff was placed on approved medical leave retroactive to January 17, 2012, and all other allegations are denied, as stated.

20.

The allegations in Paragraph 20 purport to be guidelines from the Jefferson Parish Public School System's Human Resources Policy Manual and thus, do not require a response as any guidelines from such Manual speak for themselves; to the extent a response is required, these allegations are denied, as stated.

21.

The allegations in Paragraph 21 are vague and ambiguous and contain legal arguments which do not require a response from Defendants; to the extent a response is required, these allegations are denied for lack of sufficient information to justify a belief therein and also denied for lack of sufficient information to justify a belief therein, and also denied, as stated.

22.

The allegations in Paragraph 22, including the footnote to Paragraph 22 contain legal conclusions which require no response from Defendants. Also, the allegations in Paragraph 22 regarding when Plaintiff was allegedly placed under doctor's care are denied for lack of sufficient information to justify a belief therein; Defendants admit that Dr. Stacy Siegendorf (misspelled by Plaintiff) provided a statement; all remaining allegations are denied, as stated.

23.

The allegations in Paragraph 23 are denied, as stated.

24.

The allegations in Paragraph 24 do not require a response from Defendants because these allegations are characterizations of statements contained in documents which speak for themselves; to the extent a response is required, these allegations are denied as stated.

25.

Defendants admit the allegations in Paragraph 25 that on April 5, 2012, Plaintiff received approval of medical leave from January 17, 2012, through May 25, 2012; all other allegations are denied, as stated.

26.

Defendants admit the allegations in Paragraph 26 that on April 12, 2012, Plaintiff filed an application for additional extended leave and on April 14, 2012, Dr. Stacy Siegendorf (misspelled by Plaintiff) provided a statement; all other allegations are denied, as stated.

27.

Defendants admit the allegations in Paragraph 27 that in July 2012, Defendants notified Plaintiff of her termination. The other allegations in Paragraph 27 of the Complaint contain legal arguments which require no response from Defendants; to the extent a response is required, these allegations are denied.

28.

The allegations in Paragraph 28 regarding whether Plaintiff was able to pay her bills and purchase food are denied for lack of sufficient information to justify a belief therein; the allegations regarding a purported requirement of “Human Resources” is vague, ambiguous and constitutes legal argument, which does not require a response and is denied as stated; all remaining allegations are denied as stated.

29.

The allegations in Paragraph 29 regarding what Plaintiff believes is the correct salary she was to receive during leave constitutes legal argument which does not require a response; to the extent a response is required, these allegations are denied. All remaining allegations are denied as stated.

30.

The allegations in Paragraph 30 do not require a response because these allegations purport to set forth claims which have been dismissed by the Court and are recitations of legal statutes. To the extent a response is required, these allegations are denied.

31.

The allegations in Paragraph 31 do not require a response because these allegations are recitations of legal definitions of "general damages" as set forth in case law; to the extent a response is required, Defendants deny that Plaintiff is entitled to any "general damages" as set forth in Paragraph 31, or entitled to any relief whatsoever, and call for strict proof of same.

32.

The allegations in Paragraph 32 do not require a response because these allegations purport to set forth claims which have been dismissed by the Court and are recitations of legal statutes. To the extent a response is required, Defendants admit that they "compl[ied] with the law" as set forth in Paragraph 32; all remaining allegations are denied.

33.

The allegations in Paragraph 33 are denied as stated.

34.

The allegations in Paragraph 34 are denied.

35.

The allegations in Paragraph 35 are vague and ambiguous, preventing Defendants from properly answering; to the extent a response is required, these allegations are denied for lack of sufficient information to justify a belief therein, and also denied, as stated.

36.

The allegations in Paragraph 36 are vague and ambiguous, preventing Defendants from properly answering. In addition, it appears that the allegations in Paragraph 36 pertain to claims which were dismissed by the Court, requiring no response from Defendants. To the extent a response is required, these allegations are denied for lack of sufficient information to justify a belief therein, and also denied, as stated.

37.

The allegations on Paragraph 37 are vague and ambiguous, preventing Defendants from properly answering. To the extent a response is required, the allegations regarding what "plaintiff was faced with" is denied for lack of sufficient information to justify a belief therein, and all remaining allegations are denied as stated.

38.

The allegations in Paragraph 38 regarding Plaintiff's purported retirement plans are denied for lack of sufficient information to justify a belief therein; all remaining allegations are denied as stated.

39.

The allegations in Paragraph 39 are argumentative and thus, do not require a response from Defendants; to the extent a response is required, the allegations regarding Plaintiff's "sufficient income to maintain her standard of living and survive" are denied for lack of sufficient information to justify a belief therein, and all remaining allegations are denied.

40.

The allegations in Paragraph 40 do not require a response to the extent these allegations pertain to the claims against Dr. Meza which were dismissed by the Court; to the extent these allegations pertain to remaining claims against Dr. Meza, these allegations are denied.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief requested in the prayer for relief following Paragraph 40.

**JURY DEMAND**

Defendants deny that Plaintiff has stated a claim for which relief may be granted.

WHEREFORE, Defendants deny every allegation, whether express or implied, that is not unequivocally admitted in the Answer, and pray that their Answer and Affirmative Defenses be deemed good and sufficient, that their defenses be maintained, and that after due proceedings had, that there be judgment rendered herein in favor of Defendants, Jefferson Parish School Board and Dr. James Meza, rejecting Plaintiff's demands, and dismissing the entirety of Plaintiff's Complaint, with prejudice, at Plaintiff's costs. Defendants also request that they be awarded court costs, attorneys' fees, and any other legal equitable, and declaratory relief this Court may deem just and appropriate.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: *\/s/ Kim M. Boyle*

KIM M. BOYLE, T.A. (#18133)
M. NAN ALESSANDRA (#16783)
ALEXIS A. BUTLER (#32376)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534

Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: kim.boyle@phelps.com
nan.alessandra@phelps.com
lexy.butler@phelps.com

**ATTORNEYS FOR DEFENDANTS, JEFFERSON PARISH SCHOOL BOARD AND DR. JAMES MEZA**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

________ */s/ Kim M. Boyle*________